UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Samir PAUDEL,<br><br>      Petitioner,<br><br>v.<br><br>Kristi NOEM, et al.,<br><br>      Respondents. | Case No.: 25-cv-3174-AGS-BLM<br><br>**ORDER GRANTING MOTION TO APPOINT COUNSEL (ECF 2) AND REQUIRING RESPONSE** |

  Petitioner Samir Paudel requests appointed counsel and emergency injunctive relief in support of his habeas corpus petition. (*See* ECF 2, 3); *see also* 28 U.S.C. § 2241 (habeas corpus). For the reasons below, the Court will grant the motion to appoint counsel and order a response to the petition and to the injunctive-relief request.

## APPOINTED COUNSEL

  Courts may appoint an attorney for an "impoverished habeas petitioner" when "the interests of justice so require." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (cleaned up); *see also* 18 U.S.C. § 3006A(a)(2)(B). In this assessment, courts evaluate a petitioner's (a) "likelihood of success on the merits" and (b) "ability . . . to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

  As a threshold matter, Paudel sufficiently alleges that he "cannot afford an attorney." (*See* ECF 2, at 2.) Paudel's "only savings are about $50 to $100 in commissary" and he only earns "$5 per week" as a "cleaner at Otay Mesa Detention Center." (ECF 2, at 2.)

  Turning to his likelihood of success, Paudel argues that he will establish that his continued custody is unlawful because, among other things, it "violates the statute authorizing detention," 8 U.S.C. § 1231(a). (ECF 1, at 6.) That statutory provision requires that "an alien [who] is ordered removed" be detained for "90 days" after the date the "order of removal" became "administratively final," 8 U.S.C. § 1231(a)(1)(a), and it permits continued, discretionary detention after that, *id.* § 1231(a)(6). The "presumptively

reasonable period of detention" is "six months," while longer custodial periods become more constitutionally doubtful. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). And "indefinite, perhaps permanent, detention" poses "a serious constitutional threat." *Id.* at 699. Paudel has been "detained" beyond this presumptively reasonable six-month period—it has been "over 8 months since his removal order became final." (ECF 1, at 3.) So, he seems likely to succeed on the merits.

The complexity of the legal issues also favor appointing an attorney. The parties here must interpret intricate statutes and grapple with detention-related common law. *See, e.g.*, 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 690. This undertaking is within the immigration legal context, which has "provoked comparisons to a morass, a Gordian knot, and King Minos's labyrinth in ancient Crete," *Torres v. Barr*, 976 F.3d 918, 923 (9th Cir. 2020) (cleaned up), and been deemed "second only to the Internal Revenue Code in complexity," *United States v. Ahumada-Aguilar*, 295 F.3d 943, 950 (9th Cir. 2002) (quotations omitted).

While Paudel's habeas petition and motions sensibly grapple with these complex issues, "Federal Defenders of San Diego, Inc.," "drafted the instant petition" and offered "assistance" with all filings. (ECF 2, at 1 n.1.) Without that aid, it's not clear that Paudel would have successfully framed these arguments himself. So, he has adequately shown that he cannot articulate his claims without a lawyer. *See, e.g.*, *Nguyen v. Warden*, No. 25-cv-2441-AGS-MMP, 2025 WL 2971654, at *2 (S.D. Cal. Oct. 21, 2025) (appointing counsel for a habeas petitioner whose claims implicated similar immigration authorities).

Paudel's attorney-appointment request is **GRANTED**. As Federal Defenders of San Diego has expressed its willingness to represent Paudel, it is appointed as counsel for him.

### SCREENING

Given Paudel's likelihood of success, as discussed above, his habeas petition necessarily survives the required screening for "frivolous" or "incredible" habeas applications. *See* Rules Governing Section 2254 Cases in the United States District Courts,

Rule 4; *id.*, Rule 1(b) (permitting use of Rules Governing Section 2254 Cases to any "habeas corpus petition"); *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024).

By November 26, 2025, respondents must answer the petition as well as the injunctive-relief motion. Any reply is due December 4, 2025. The Court will hold oral argument on December 10, 2025, at 2:00 p.m.

Dated: November 21, 2025

_____
Hon. Andrew G. Schopler
United States District Judge